UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GENERAL CONFERENCE OF THE EVANGELICAL METHODIST CHURCH,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CROSSING CHURCH, INC., f/k/a New Heart Community Fellowship, Inc.,<br><br>    Defendant. | Case No.  1:11-cv-00643-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO DISALLOW FURTHER DISCOVERY**<br><br>(DOCKET NO. 37) |

Now pending before the Court is Plaintiff's Motion for Protective Order to Disallow Further Discovery (Docket No. 37).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. DISCUSSION

Through this action, Plaintiff seeks to compel Defendant's attendance at arbitration, nothing more.  To this end, and as has repeatedly been stated throughout this litigation thus far, issues relating to alter ego and equitable estoppel represent the paramount areas of inquiry for this Court's consideration.  With this understanding in mind, through its motion for protective order, Plaintiff seeks to strike Defendant's recent discovery requests, arguing that they are not only untimely, but also not relevant to the issues of alter ego and equitable estoppel.  The undersigned agrees as to the latter issue of relevancy.

After reviewing each of the at-issue interrogatories, requests for production, and requests for admission, the Court can discern no connection between the information sought and the issues presently before the Court for decision – that is, alter ego and/or equitable estoppel for the

**MEMORANDUM DECISION AND ORDER - 1**

purposes of resolving Plaintiff's Complaint for an Order to Compel Arbitration. Without deciding the issue, the Court will accept for these purposes the argument that such information might well be useful to the merits of the underlying financial dispute between Plaintiff and Defendant (and, thus, be relevant to *those* discrete issues). However, that dispute and all of its contours are not now before the Court. In other words, without a claim (or defense raised to that claim) in *this* lawsuit that would provide some predicate relevance to Defendant's requested written discovery, there is no legal justification under the applicable civil rules for such discovery. *See* Fed. R. Civ. P. 26(b)(1) (". . . . Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense* . . . .") (Emphasis added).

Consistent with FRCP 26(c) (and also keeping in mind the Federal Rules' intention "to secure the just, speedy, and inexpensive determination of every action" (*see* Fed. R. Civ. P. 1)), good cause exists to protect Plaintiff from the burden and expense of having to respond to discovery that is not relevant to whether Defendant should be compelled to submit to arbitration and, thus, not relevant to this action. Plaintiff's motion is granted.[1]

///

///

///

///

///

///

---

[1] The Court therefore considers the briefing related to Plaintiff's pending Motion for Summary Judgment (Docket No. 36) to be complete and will rule upon the existing record now before it. No additional briefing is permitted without leave of Court.

**MEMORANDUM DECISION AND ORDER - 2**

## II.  ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Protective Order to Disallow Further Discovery (Docket No. 37) is GRANTED.  Plaintiff is not required to respond to Defendant's written discovery served February 8, 2013.



DATED:  **March 8, 2013**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 3**